,UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARCUS DAWAYNE MCBRIDE,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

_____/

Case No. 1:22-cv-524

Honorable Paul L. Maloney

**OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Marcus Dawayne McBride ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Defendant has also filed a motion for discovery and production of documents (ECF No. 13), as well as two motions for a preliminary injunction (ECF Nos. 18, 19). For the reasons set forth below, Defendant's motions will be denied.

**I.    Background**

On April 28, 2021, a grand jury returned an Indictment charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. McBride*, No. 1:21-cr-89 (W.D. Mich.) (ECF No. 1). After Defendant's arrest, Assistant Federal Public Defender James Stevenson Fisher was appointed to represent Defendant. Defendant was released on bond pursuant to an order setting conditions of pretrial release. *See* Order, *id.* (ECF No. 13). In that order, Magistrate Judge Green directed that Defendant reside at Alternative Directions in Grand Rapids, Michigan. *Id.*

On May 21, 2021, Defendant, through counsel, filed a motion to modify the order setting conditions of release, requesting that he be released from Alternative Directions to home confinement at his mother's residence. *See* Mot., *id.* (ECF No. 18). Before Magistrate Judge Green ruled on that motion, the Probation Office filed a Petition for Action on Conditions of Pretrial Release, stating that as of May 25, 2021, Defendant had not returned to Alternative Directions after being allowed to leave to pick up his personal property at the United States Marshal's Office and that his whereabouts were unknown. *See* Pet., *id.* (ECF No. 24). Magistrate Judge Green found probable cause to believe that Defendant had violated the conditions of his release and ordered that a warrant be issued for Defendant's arrest. *Id.* Thereafter, Defendant, through counsel, withdrew his motion to amend the conditions of his release. *See* Mot. and Order, *id.* (ECF Nos. 26, 27).

Defendant was arrested in Muskegon, Michigan, on June 21, 2021, and his bond was revoked after a hearing conducted by Magistrate Judge Green on June 23, 2021. *See* Order, *id.* (ECF No. 32). On June 29, 2021, a grand jury returned a Superseding Indictment, charging Defendant with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Superseding Indictment, *id.* (ECF No. 34).

Defendant subsequently entered into a plea agreement in which he agreed to plead guilty to the three charges set forth in the Superseding Indictment. *See* Plea Agreement, *id.* (ECF No. 39). The parties appeared before Magistrate Judge Ray Kent for Defendant's change of plea hearing on July 7, 2021. Magistrate Judge Kent entered a Report and Recommendation recommending that Defendant's guilty plea be accepted, and the Court adopted the Report and

Recommendation in an order entered on July 23, 2021. *See* R.&R. and Order, *id.* (ECF Nos. 43, 44).

The parties appeared before the undersigned for Defendant's sentencing on October 12, 2021. The Court sentenced Defendant to a total of 168 months' incarceration, consisting of concurrent sentences of 108 months for Counts One and Two and a consecutive sentence of 60 months for Count Three of the Superseding Indictment. *See* J., *id.* (ECF No. 57). The Court also imposed a 3-year term of supervised release. *See id.* Defendant did not appeal his convictions and sentences to the United States Court of Appeals for the Sixth Circuit.

Defendant filed his § 2255 motion (ECF No. 1) on June 9, 2022. In an order (ECF No. 3) entered on June 13, 2022, the Court ordered the government to file a response to the motion. The government subsequently moved for an extension of time to file its response, as well as an order authorizing the release of information subject to the attorney-client privilege. (ECF No. 7.) The Court granted that motion in an order (ECF No. 8) entered on July 12, 2022. Attorney Fisher filed an affidavit (ECF No. 9) addressing Defendant's claims of ineffective assistance of counsel on August 30, 2022. Defendant filed a motion for discovery and production of documents (ECF No. 13) and affidavit in support thereof (ECF No. 14) on December 5, 2022. After receiving a second extension of time (ECF Nos. 11, 12), the government filed its response (ECF No. 15) on January 6, 2023. Defendant then filed a brief (ECF No. 16) in support of his § 2255 motion. On August 9, 2024, Defendant filed two motions for a preliminary injunction. (ECF Nos. 18, 19).

## II.   Motion for Discovery and Production of Documents

Defendant has filed a motion requesting that the Court grant him leave to conduct discovery and that the Court order the production of documents. (ECF No. 13, PageID.65.) Defendant indicates that he wishes to conduct discovery to obtain jail phone recordings, an alibi defense, exculpatory evidence, and alibi witness testimony/affidavits. (*Id.*)

A movant under § 2255 does not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). The Rules Governing § 2255 Proceedings set forth that a district court has the discretion to grant discovery in a § 2255 proceeding only upon a fact-specific showing of good cause. *See* Rule 6, Rules Governing § 2255 Proceedings. Specifically, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure, or Civil Procedure, or in accordance with the practices and principles of law." *See id.* A court must provide a period for discovery in a habeas proceeding only "where specific allegations before the Court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The movant has the burden of showing the materiality of the information sought. *See Stanford*, 266 F.3d at 460 (citing *Murphy v. Johnson*, 205 F.3d 813–15 (5th Cir. 2000)).

Here, Defendant has not met that burden. His motion for discovery and the production of documents is entirely conclusory. Moreover, as discussed *infra*, all of Defendant's claims for relief lack merit, and he fails to show that the discovery sought would resolve any factual disputes in his favor. Defendant essentially requests permission to conduct "a fishing expedition masquerading as discovery." *Id.* Accordingly, his motion for discovery and the production of documents (ECF No. 13) will be denied.

### III.  Motions for a Preliminary Injunction

Defendant has filed two motions for a preliminary injunction, titled "emergency injunction." (ECF Nos. 18, 19.) In both motions, Defendant suggests that he is being held beyond his release date because he received notice that the undersigned vacated his sentence on June 27, 2024. Defendant, however, has erroneously interpreted the Court's June 27, 2024, order. In that

order, the Court only vacated the order that closed the above-captioned case and transferred Defendant's § 2255 motion to the corresponding criminal action. (ECF No. 4, PageID.16.) The Court also directed the Clerk to transfer any filings related to the § 2255 motion into the above-captioned action. (*Id.*) Nowhere in that order did the Court state that Defendant's sentence was vacated. Accordingly, Defendant's motions for a preliminary injunction (ECF Nos. 18, 19) will be denied.

## IV.     Analysis

### A.     Legal Standards

#### 1.     Section 2255 Proceedings in General

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal.

*United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

### 2. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory.").

### 3. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation and internal quotation marks omitted).

**B.     Discussion**

Defendant raises the following grounds for relief in his § 2255 motion:

I. Insufficient evidence. There [was] insufficient evidence to prove that I possessed the gun that was found in the closet in furtherance of a drug trafficking crime.

II. Ineffective Assistance of Counsel. My lawyer never filed a motion of my alibi defense.

III. Ineffective Assistance of Counsel. Counsel failed to follow up with obvious avenues of investigation that would have produced valuable mitigating evidence.

IV. Ineffective Assistance of Counsel. Counsel failed to file an appellate brief and thereby deprived me of a direct appeal.

(§ 2255 Mot., ECF No. 1, PageID.4–8.) The government contends that all of Defendant's grounds for relief are meritless. (ECF No. 15.) Because the disposition of ground IV, Defendant's claim that counsel failed to file an appeal on his behalf, has the potential to render the rest of Defendant's claims moot, the Court will consider ground IV first.

**1.     Ground IV—Failure to File an Appeal**

In ground IV, Defendant contends that counsel was ineffective for failing to file an appellate brief and depriving Defendant of a direct appeal. (§ 2255 Mot., ECF No. 1, PageID.8.)

"[A]n attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions' from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Counsel's performance, however, is not "per se deficient simply because he [or she] does not consult with his client about the benefits and drawbacks of an appeal." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 479). Rather, the Court "must determine whether the attorney should have consulted with his client about an appeal because either (1) 'a rational defendant would want to appeal' or (2) the 'defendant reasonably demonstrated to counsel that he was interested in

8

appealing.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480). If the Court determines that "the attorney failed to file a notice of appeal either after the client's express instructions or because there is no reasonable strategic reason not to appeal, then the defendant was prejudiced because he has been deprived 'of the appellate proceeding altogether' if 'there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 483–84).

Attorney Fisher has addressed Defendant's assertion that he did not file a notice of appeal in his affidavit. Specifically, attorney Fisher states:

> This Honorable Court sentenced Mr. McBride on October 12, 2021. After imposing sentence, the Court advised Mr. McBride of his right to appeal and the applicable timeline for doing so. Directly following the hearing, I also advised Mr. McBride of his right to appeal and discussed possible issues for appeal. In cases where my clients are equivocal about their desire to appeal, I generally encourage them to allow me to file a notice of appeal and if they decide to withdraw it later, they can do so. However, Mr. McBride was not equivocal. My notes reflect the following conversation took place immediately after Mr. McBride's sentencing
>
>> I spoke with Mr. McBride before and after his sentencing today. We discussed the appeal process and what would happen if he wanted to appeal. He agreed that it would largely be based on the Acceptance of Responsibility issue/objection. At the hearing, the Court denied the objection for obstruction of justice but granted our objection to the denial of acceptance of responsibility. The court noted that Mr. McBride's early plea to the superseding indictment was the main factor weighing in his favor. The Court gave him a 108-month sentence on cts 1 and 2, followed by the 60 month consecutive sentence for count 3. Mr. McBride was happy with the outcome and did not want to appeal. I told him to let me know if he changes his mind within 14 days.
>
> I followed up our conversation with a letter dated October 13, 2021, advising Mr. McBride of his right to appeal and advised him of the deadline for filing a notice of appeal. (See Attachment 1, Letter to Mr. McBride). In the letter, I also advised him he would need to contact me if he reconsidered his previous decision not to appeal. At no point has Mr. McBride ever directed me to file a notice of appeal, either during the 14-day period or by contacting me after expiration of that period to request a belated appeal be filed. The only communication I have noted in my file between the October 12, 2021, sentencing and Mr. McBride's § 2255 motion is a request for his "entire file" via mail received on May 25, 2022. Notably, Mr. McBride filed his § 2255 petition prior to receiving his file from my office due to

> formatting issues with the Bureau of Prisons. My assistant provided these in a format acceptable to the BOP on July 21, 2022.

(ECF No. 9, PageID.53–54.)

In response, Defendant states only that "[i]t was clear that I told James Stevenson Fisher to file a direct appeal." (ECF No. 16, PageID.88.) This claim, however, is entirely conclusory and self-serving. Defendant's response is devoid of any details regarding his alleged conversation with attorney Fisher regarding the filing of an appeal, such as a description of the issues Defendant wished to raise on appeal. The Sixth Circuit has noted that a district court does not commit clear error "by crediting counsel's affidavit, insofar as it indicated that [Defendant] had not asked him to file an appeal." *See Cummings v. United States*, 84 F. App'x 603, 605 (6th Cir. 2003); *see also Odom v. United States*, No. 99-5506, 99-5768, 2000 WL 1175598, at *3 (6th Cir. Aug. 9, 2000) (concluding that the district court did not err by crediting defense counsel's affidavit over defendant's).

The Court finds attorney Fisher's affidavit to be credible because, upon review of the record, the Court does not see any viable, nonfrivolous grounds that Defendant could raise on direct appeal. *See Coleman v. United States*, Nos. 1:05-cv-81, 1:03-cr-231, 2009 WL 1393323, at *10 (E.D. Tenn. May 18, 2009) (crediting defense counsel's affidavit on the basis that there were no viable grounds for appeal). Defendant does not assert that his guilty plea was entered unknowingly and involuntarily, and he received a within-Guidelines sentence. Defendant, therefore, has failed to demonstrate that counsel was ineffective for not filing a notice of appeal on his behalf. Accordingly, Defendant is not entitled to relief with respect to ground IV.

### 2. Grounds II and III—Ineffective Assistance of Counsel

In ground II, Defendant contends that counsel was ineffective for not filing a "motion of [Defendant's] alibi defense." (§ 2255 Mot., ECF No. 1, PageID.5.) In ground III, Defendant faults

counsel for not "follow[ing] up with obvious avenues of investigation that would have produced valuable mitigating evidence." (*Id.*, PageID.6–7.) The Court considers each assertion of ineffective assistance in turn below.

### a. Failure to Assert Alibi

In support of his assertion that counsel failed to file a "motion of [Defendant's] alibi defense," Defendant contends that he was never living at the house in question. (ECF No. 14, PageID.67.) Specifically, Defendant avers that a search warrant was issued for 604 Marquette in Muskegon, but that when he was arrested, he told the arresting officer that he did not live at that address and that the person who did was just a friend. (ECF No. 16, PageID.88.)

Attorney Fisher has addressed Defendant's claim regarding the failure to present an alibi defense throughout his affidavit. First, attorney Fisher notes that he reviewed the discovery received after Defendant's initial appearance. Attorney Fisher states:

> The tendered discovery consisted of a redacted police report documenting a complaint from an eyewitness (whom I later came to believe was a person staying in the same home as Mr. McBride, a person identified as "Tree" by Mr. McBride) directly implicating Mr. McBride in actual possession of a firearm matching the description of the weapon seized from his residence. The report was consistent with the representations of the prosecutor prior to Mr. McBride's arraignment. The witness provided the police with social media postings purporting to be from Mr. McBride as well. The rest of the discovery consisted of police reports of the ensuing search warrant that officers obtained based upon her complaint, as well as various video recordings. The government also provided captured cell-phone videos of a person who appeared to me to closely resemble Mr. McBride wearing a ski mask and brandishing a weapon with a large-capacity "drum style" magazine that matched the photographic evidence of the weapon and magazine seized from the residence. These items were distinctive—the magazine was not opaque, but translucent, and 50-round drum magazines are not terribly common items in my experience. Both the clear magazine and the size of it were present on video from Mr. McBride's social media accounts/cell phone and the residence tied to him.

(ECF No. 9, PageID.39.) The photos and reports showed that the magazine and firearm were located in a padlocked bedroom in the residence. (*Id.*, PageID.41.) The photographs also depicted a debit card with Defendant's name on it, as well as "wall decals reading 'V love M' above the

11

bed. [Attorney Fisher] noted that Mr. McBride's first name begins with an "M" and his then-girlfriend's first name begins with a "V." (*Id.*, PageID.43.) In a recorded audio statement, Defendant's then-girlfriend disclaimed ownership or possession and knowledge of the gun and narcotics, admitted to joint occupancy of the room, and that Defendant "was the only other person who had access to the padlocked door in the house." (*Id.*, PageID.45.)

Attorney Fisher concluded that although Defendant was "not present during the execution of the search warrant, there was more than sufficient direct and circumstantial evidence to convict Mr. McBride under either the actual or constructive theory of possession." (*Id.*) Attorney Fisher provided the Sixth Circuit pattern jury instructions, including the standard jury instructions regarding actual and constructive possession, to Defendant. (*Id.*, PageID.47.) At one point, Defendant told attorney Fisher that "his mother was present during the argument with the complaining witness/roommate, and that she could provide a possible defense to the charge." (*Id.*, PageID.48.) Attorney Fisher spoke to Defendant's mother, and "she confirmed that Mr. McBride was not brandishing the firearm during the altercation as alleged by the witness/roommate. However, she specifically noted that she had seen him in possession of a 'clear' magazine, which loosely fit the magazine's description." (*Id.*)

Attorney Fisher goes on to state:

> In reviewing my notes of my conversations with Mr. McBride, at no time did he raise a valid alibi defense. Possession of a firearm is a "continuing offense" and the fact that he was not present during the execution of the search warrant did not defeat the government's case against him in light of the direct and circumstantial evidence tying him to the weapon. Glaringly omitted from any of my notes are any statements by Mr. McBride protesting his innocence or denying ownership or possession of the firearm, drugs, or ammunition. To the contrary, he provided me with witness information from two individuals whose statements provided circumstantial evidence of his guilt as to all of the government's allegations, with the exception of the § 924(c) charge. The sole issue he raised was that he was not in possession of the firearm and did not brandish it *at the time of the altercation* leading to the witness reporting him and that he was not present during the execution of the search

12

> warrant that recovered the narcotics and firearm. My professional assessment was, and is still, that this is not an alibi defense.

(*Id.*, PageID.50 (emphasis in original).)

Upon consideration of the foregoing, the Court cannot agree with Defendant that counsel was ineffective for failing to pursue an alibi defense. The Sixth Circuit's pattern jury instruction regarding alibi defenses states that the "government has the burden of proving that the defendant was present at that time and place. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty." *See* 6th Cir. Pattern J.I. 6.02, *available at* https://www.ca6.uscourts.gov/pattern-jury-instructions (last visited Oct. 22, 2024). Defendant has offered no evidence, other than his self-serving statement, to support a conclusion that he never resided at the house in question and had no access to the padlocked room where the narcotics and firearm were found. Moreover, as attorney Fisher correctly states, the fact that Defendant was not present when the search warrant was executed and the narcotics and firearm were located does not equate to an alibi defense, as Defendant constructively possessed the firearm and narcotics by having access to the room where they were located. The government was not required to present proof that Defendant was present at a certain time and place to maintain the charges against Defendant. Accordingly, attorney Fisher was not ineffective for failing to present an alibi defense, and Defendant is not entitled to relief with respect to ground II.

### b.     Failure to Investigate

In ground III, Defendant faults counsel for not "follow[ing] up with obvious avenues of investigation that would have produced valuable mitigating evidence." (*Id.*, PageID.6–7.) In his supporting brief, Defendant reiterates this conclusory statement, reiterates his assertion that counsel should have "put[] an alibi motion together," and suggests that an evidentiary hearing "would have change[d] the dynamics of [his] case." (ECF No. 16, PageID.88.)

13

As discussed *supra*, the Court has already concluded that counsel was not ineffective for failing to pursue an alibi defense. Moreover, attorney Fisher avers that he "conducted various investigations into possible defenses for Mr. McBride." (ECF No. 9, PageID.48.) Attorney Fisher "spoke with [Defendant's] family and tasked [his] investigator with tracking down potential witnesses and background information on 'Tree' with the limited information provided by [his] client." (*Id.*) Defendant fails to set forth details regarding what more he believes counsel should have investigated and why he believes an evidentiary hearing should have been conducted. Defendant's vague and conclusory "failure to investigate" claim simply does not entitle him to relief. *See United States v. Santiago*, 135 F. App'x 816, 823 (6th Cir. 2005) (finding that arguments lacking supporting analysis need not be considered); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (observing that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court). Defendant, therefore, is not entitled to relief with respect to ground III.

### 3.    Ground I—Insufficient Evidence

Finally, in ground I, Defendant suggests that there was insufficient evidence to prove that he "possessed the gun that was fund in the closet in furtherance of a drug trafficking crime." (§ 2255 Mot., ECF No. 1, PageID.4.) Defendant contends that "[a] masked man on [his] social media with a gun doesn't prove . . . the elements of § 922(g)." (ECF No. 16, PageID.87.) He also suggests that he did not possess the narcotics because he was not present during the execution of the search warrant and because the fact that a debit card with his name on it was located on a nightstand in the room where the narcotics were found does not automatically prove possession. (*Id.*) Finally, Defendant contends that the government had no evidence that he "used the firearm with greater participation in the commission of the crime" to sustain a conviction under § 924(c). (*Id.*)

14

Defendant's claim regarding the sufficiency of the evidence is foreclosed by his plea agreement and his plea of guilty. By signing the plea agreement, Defendant agreed to the statement of facts set forth therein. *See* Plea Agreement, *United States v. McBride*, 1:21-cr-89 (W.D. Mich.) (ECF No. 39). The plea agreement set forth that between November 28 and December 2, 2020, Defendant "possessed a loaded Glock 22 .40 caliber pistol fitted with a 50-round drum magazine." *Id.* (ECF No. 39, PageID.70). The agreement indicated that the pistol had been manufactured outside of Michigan, that Defendant had previously been convicted "of crimes punishable by terms of imprisonment greater than one year," and that Defendant "knew he had been convicted of those crimes." *Id.*

The factual basis went on to state that on December 2, 2020, Defendant "was storing methamphetamine and heroin in plastic baggies on top of his bedside table." *Id.* He "was storing his loaded pistol and 50-round drum magazine in his bedroom closet." *Id.* Defendant "possessed the controlled substances because he intended to distribute them, and possessed the pistol to protect himself and his controlled substances and to aid him in distributing them." *Id.*

Defendant signed the plea agreement under the following paragraph:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of the agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Id.* (ECF No. 39, PageID.76). On the page before that paragraph, the parties agreed that the agreement "ha[d] been entered into by both sides freely, knowingly, and voluntarily." *Id.* (ECF No. 39, PageID.75). Defendant offers no evidence from which the Court could conclude that his guilty plea was not entered knowingly, freely, and voluntarily. Accordingly, Defendant's valid plea of guilty waived his right to challenge his convictions based upon an insufficiency of the

evidence argument. *See United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir.2000) (guilty plea waives right to challenge conviction based on insufficiency of the evidence); *United States v. Skinner*, 25 F.3d 1314, 1316 (6th Cir .1994) (guilty plea serves as an admission of all elements of the formal criminal charge). Accordingly, Defendant is not entitled to relief with respect to ground I.

In sum, Defendant has failed to demonstrate that counsel rendered ineffective assistance in the ways he argues, and he fails to demonstrate that there was insufficient evidence to support his prosecution and guilty plea. Defendant, therefore, is not entitled to relief on his § 2255 motion. Furthermore, because the record conclusively establishes that Defendant is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing.

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

*El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## VI. Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for discovery and production of documents (ECF No. 13) and motions for a preliminary injunction (ECF Nos. 18, 19) are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   October 23, 2024                    /s/ Paul L. Maloney
                                                                                           Paul L. Maloney
                                                                                           United States District Judge